UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SYED AFTAB,<br><br>   Plaintiff,<br><br>v.<br><br>SOTTILE & BARILE, LLC,<br><br>   Defendant. | CASE NO. 1:16-cv-01675<br><br>JURY TRIAL REQUEST |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This is a class action brought by Plaintiff Syed Aftab, individually and on behalf of all others similarly situated, for statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II. PLAINTIFF

2. Plaintiff Syed Aftab is a natural person residing in Granger, Indiana.

### III. DEFENDANT

3. Defendant Sottile & Barile, LLC ("S & B") is a for-profit foreign limited liability company with its principal place of business in Strongsville, Ohio.

4. At all times referenced herein, S & B was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### IV. STATEMENT OF FACTS

5. Plaintiff owed a debt to Purdue University that was incurred for educational purposes.

6. On or about November 6, 2015, S & B sent Plaintiff a dunning letter in an attempt to collect the Purdue debt.

7. A copy of the November 6, 2015 dunning letter is attached hereto as Exhibit A.

8. The dunning letter was S & B's initial communication with Plaintiff.

9. The dunning letter contains a section titled "**NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692,** *et seq.*" and states in part:

    > If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to take back the items, even if we have already filed the lawsuit, until we mail you information validating the debt and/or until we provide you the name of the original creditor.

10. The dunning letter fails to advise its recipient that in order to receive the protections afforded by § 1692g of the FDCPA the dispute <u>must</u> be in writing.

## V.   CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

11. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through ten above.

12. Defendant violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. The failure of Defendant, within five days after the initial communication with Plaintiff, to send Plaintiff a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, in violation of 15 U.S.C. § 1692g(a);

    b. The failure of Defendant, within five days after the initial communication with Plaintiff, to send Plaintiff a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a);

    c. In giving Plaintiff information about his rights and duties in disputing the debt, Defendant used a false, deceptive or misleading misrepresentation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

    d. In giving Plaintiff information about his rights and duties in disputing the debt, Defendant used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

13. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for his statutory damages, costs, attorney fees and all other appropriate relief.

## B.  CLASS ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and all persons similarly situated in the states of Indiana, Ohio, Kentucky and Michigan who received a dunning letter from S & B that contained the "**NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692,** *et seq.*" from one year before the date of the filing of this Complaint to the present.

15. S & B regularly engages in debt collection using the same or similar form collection letter containing the same "**NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692,** *et seq.*" as the letter sent to Plaintiff in an attempt to collect consumer debt from other persons located in the states of Indiana, Ohio, Kentucky and Michigan.

16. This lawsuit seeks a determination by the Court that the violations alleged in paragraph 12 above are indeed violations of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

17. The class members are so numerous that joinder is impracticable.  On information and belief, the proposed class consists of more than 35 persons.

18. Plaintiff's claims are typical of the proposed class.  Common questions of law or fact raised by this class action complaint affect all members of the proposed class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed class, and a risk that any adjudications with respect to individual members of the proposed class would, as a practical matter, either be dispositive of the interests of other members of the proposed class not a  party to the adjudication, or substantially impair or impede their ability to protect their interests.

20. Plaintiff will fairly and adequately protect and represent the proposed class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed class because Defendant's conduct was perpetrated on all members of each proposed class and will be established by common proof.  Moreover, Plaintiff has retained counsel with extensive experience in the Fair Debt Collection Practices Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the class of all persons living in the states of Indiana, Ohio, Kentucky and Michigan who received a dunning letter from S & B that contained the "**NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692,** *et seq.*" from one year before the date of the filing of this Complaint to the present;

B. Appoint Plaintiff as Class Representative of the Class and his attorney as Class Counsel;

C. Find that S & B's "**NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq**." violated the FDCPA;

D. Enter judgment in favor of Plaintiff and the Class and against Defendant for statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

E. Award Plaintiff an incentive award for his participation as Class Representative; and

F. All such additional relief as the Court deems appropriate and just.

For Plaintiff Syed Aftab, individually, and all others similarly situated:

s/ *Robert E. Duff*
Robert E. Duff
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICE OF ROBERT E. DUFF
P.O. Box 7251
Fishers, IN 46037
Telephone: 800-817-0461
Facsimile: 800-817-0461
Email: robert@robertdufflaw.com

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

s/ *Robert E. Duff*
Robert E. Duff